# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

```
TIERA BUTLER a/k/a              )
AALIAYAH AMMIYHUWD and          )
ACHASHVEROSH ADNAH AMMIYHUWD,   )
Ancestral Descendant Party in   )
Interest,                       )
                                )
          Plaintiffs,           )
                                )
vs.                             )    NO. 2:16-CV-527
                                )
ATTORNEY CHAD W. NALLY, et al.  )
                                )
          Defendants.           )
```

## OPINION AND ORDER

This matter is before the Court *sua sponte* on the Notice of Filing Notice of Removal to District Court of the United States with Exhibits A, B, C and Other Pleadings (DE #1), filed on December 21, 2016, and the Non-Prisoner Request to Proceed in District Court Without Prepaying the Filing Fee (DE #2), filed on December 21, 2016. For the reasons set forth below, both the Notice of Filing Notice of Removal to District Court of the United States with Exhibits A, B, C and Other Pleadings and the Non-Prisoner Request to Proceed in District Court Without Prepaying the Filing Fee are **STRICKEN** and this case is **ORDERED** closed.

BACKGROUND

On October 24, 2016, Friendly Foot Care, P.C. filed a Notice of Claim against Tiera Butler in the Lake County Superior Court (Cause No. 45D08-1610-SC-4996). The action seeks judgment against Tiera Butler in the amount of $440.06 plus costs, interest, and attorney fees accruing after October 12, 2016. Tiera Butler sought dismissal of that action, but the motion was denied. Ashashyerosh Adnah Ammiyhuwd ("Ammiyhuwd") then signed the "Notice of Filing Notice of Removal to District Court of the United States with Exhibits A, B,C and Other Pleadings," filed with this Court on Tiera Butler's behalf. (DE #1, hereinafter "notice of removal"). In the notice of removal, Ammiyhuwd indicates that Butler is providing notice of removal of the action pending in the Lake Superior Small Claims Court under cause number 45D08-1610-SC-4996. Additionally, Ammiyhuwd has signed the non-prisoner request to proceed in district court without prepaying the filing fee (hereinafter "IFP petition"), filed on Tiera Butler's behalf.

DISCUSSION

Though a *pro se* litigant can represent his own interests, a *pro se* litigant may not represent others. *Malone v. Nielson*, 474 F.3d 934, 937 (7th Cir. 2007); *Navin v. Park Ridge Sch. Dist.*, 270 F.3d 1147, 1149 (7th Cir. 2001); *Nowicki v. Ullsvik*, 69 F.3d 1320, 1325 (7th Cir. 1995). See also *In re Bridgestone/Firestone, Inc. Tires Product Liability Litigation*, 2010 WL 1726672, *2 (S.D. Ind.

April 28, 2010) (stating that "it is well settled that a power of attorney does not authorize the holder to practice law" and citing 28 U.S.C. § 1654; *Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986); *Johnson v. Bank One N.A.*, 2004 WL 232081, at * 1 (7th Cir. Feb. 3, 2004)). Because Ammiyhuwd may not represent Tiera Butler, neither the notice of removal nor the IFP petition has been properly signed.

Usually, under such circumstances, the Court would afford Butler an opportunity to sign the documents personally. Here, however, obtaining Butler's signature would be futile. The notice of removal attempts to remove a case that cannot be removed to this Court. And, in fact, a review of the docket in 45D08-1610-SC-4996 reveals that the instant filing did not, from the Lake County Superior Court's perspective, effectuate removal.

A case may be removed from state court to federal court if it is based on statutorily permissible grounds and if it is timely. *Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529 (7th Cir. 2004). *See* 28 U.S.C. § 1441; 28 U.S.C. § 1446. The Seventh Circuit has directed that, "[c]ourts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum. Any doubt regarding jurisdiction should be resolved in favor of the states, and the burden of establishing federal jurisdiction falls on the party seeking removal." *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993) (citations omitted). The party seeking removal must demonstrate that removal

3

is proper. *Boyd*, 366 at 529. "[I]t is not enough to file a pleading and leave it to the court or the adverse party to negate jurisdiction." *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 447 (7th Cir. 2005) (*citing Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). When challenged, the party seeking federal jurisdiction bears the burden of proving by a preponderance of the evidence that a case belongs in federal court. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540-43 (7th Cir. 2006). Even where not challenged by a party, "federal courts are always obliged to inquire *sua sponte* whenever a doubt arises as to the existence of federal jurisdiction." *Tylka v. Gerber Products Co.*, 211 F.3d 445, 447 (7th Cir. 2000) (quotation marks and citation omitted). See also *Smith v. American General Life and Acc. Ins. Co., Inc.*, 337 F.3d 888, 892 (7th Cir. 2003) (A court has an "independent obligation" to ensure that federal subject matter jurisdiction exists.)

The notice of removal and attached documents assert that this Court has subject matter jurisdiction based on both diversity and federal question. For diversity jurisdiction to exist, the parties are required to have diverse citizenship and the matter in controversy must exceed the sum or value of $75,000. 28 U.S.C. § 1332(a). Here, the amount in controversy, as stated on the notice of claim, is nowhere approaching the amount required for diversity jurisdiction.

For federal question jurisdiction to exist, the action must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Ordinarily, the basis for federal-question jurisdiction must be apparent from the face of the plaintiff's well-pleaded complaint." *Crosby v. Cooper B-Line, Inc.*, 725 F.3d 795, 800 (7th Cir. 2013); *see also Northeastern Rural Elec. Membership Corp. v. Wabash Valley Power Association,* 707 F.3d 883 (7th Cir. 2013). The complaint at issue here alleges only a state law claim for monies owed. While the notice of removal and attached documents make many references to provisions of the United States Constitution and other federal statutes, the action sought to be removed does not contain any federal claims.

Because the claim that the notice of removal seeks to remove is not one this Court can exercise subject matter jurisdiction over and the document did not effectual removal of the underlying case, permitting Butler to refile the instant documents with her own signature would be futile. Accordingly, the documents are **STRICKEN** and the case is **ORDERED** closed.

CONCLUSION

For the reasons set forth above, both the Notice of Filing Notice of Removal to District Court of the United States with Exhibits A, B, C and Other Pleadings and the Non-Prisoner Request to Proceed in District Court Without Prepaying the Filing Fee are **STRICKEN** and this case is **ORDERED** closed.

**DATED: January 13, 2017**          /s/RUDY LOZANO, Judge
                                     **United States District Court**