# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| TIERRA BUTLER a/k/a AALIAYAH AMMIYHUWD, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | NO. 2:16-cv-527 |
| ATTORNEY CHAD W. NALLY, *et al.*, | ) ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on the "Petitioner/Defendant's Reconsideration of Opinion-Order Denying and Demand to Vacate, Set Aside Void Opinion-Order And Entry Judgment With Memorandum of Law in Support," filed by Plaintiff Butler on April 10, 2018 (DE #8). For the reasons set forth below, the Motion (DE #8) is **DENIED**.

This Court entered an order on April 3, 2018 denying Plaintiff's motion to reopen this case. (DE #7.) On January 13, 2017, this Court entered an order finding that because the claim that the notice of removal sought to remove was not one this Court could exercise subject matter jurisdiction over and the document did not effectuate removal of the underlying case, the notice of filing of the notice of removal and the request to proceed without prepaying of fees was stricken and the case was closed. (*Id.*)

Butler begins the current motion as follows:

> Petitioner/Defendant Tiera Butler, an Eternal Essence Embodied/I AM, woman, in rerum natura, and sui generis sovereign, "**NONRESIDENT ALIEN, FOREIGN**" Hebrew Israelite Diplomat national republic

> pursuant to 8 U.S.C. § 1101(a)(14)(21), domicile in
> the Kingdom of Heaven on earth . . . hereby through
> her lawful representative, next friend, common law
> attorney-in-fact Aaliayah Ammiyhuwd proceeding Sui
> Juris . . . .

(DE #8 at 1.) Butler requests that the Court vacate and set aside its January 13, 2017 order (DE #7). Her motion is difficult to understand, but Butler seems to argue that the judgment is void under Federal Rule of Civil Procedure 60(b)(4) because "it was entered by the court without jurisdiction or in contravention of due process" and that the court "failed to give adequate notice of remand." (DE #8 at 14.)

As this Court has noted before, the Court found that "a review of the docket in 45D08-1610-SC-4996 reveals that the instant filing did not, from the Lake County Superior Court's perspective, effectuate removal." (DE #4 at 3; DE #7 at 2.) As such, there was no need to remand the case. *Id.* To the extent Butler is arguing that the state court proceedings are void because this case was never remanded, this is also incorrect - the state proceedings continued in this case as the notice never properly effectuated removal and this Court never had proper jurisdiction.

Relief under Rule 60(b) is an extraordinary remedy and is granted only in exceptional circumstances. *C.K.S. Engineers v. White Mountain Gypsum,* 726 F.2d 1202, 1204-05 (7th Cir. 1984). To obtain relief under Rule 60(b), the moving party must demonstrate that "exceptional circumstances create a substantial danger that the underlying judgment . . . is unjust." *Allen v. Shalala*, 835 F. Supp. 462, 464 (N.D. Ill. 1993).

Rule 60(b)(4) provides that a court may relieve a party from a final judgment when "the judgment is void." Fed. R. Civ. P. 60(b)(4). A void judgment is a legal nullity, and a court considering a motion to vacate has no discretion in determining whether it should be set aside. *See, e.g., Chambers v. Armontrout*, 16 F.3d 257, 260 (8th Cir. 1994). A judgment may be deemed void if "the court that rendered the judgment acted in a manner inconsistent with due process of law." *Grun v. Pneumo Abex Corp.*, 163 F.3d 411, 423 (7th Cir. 1998). "Generally, due process requires that all litigants be given notice and an opportunity to be heard." *Id.* (citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

In this case, there is no evidence that due process has been denied. Rather, Plaintiff has received fair notice and had an opportunity to be heard in the underlying state case which has continued against her. As such, the "Petitioner/Defendant's Reconsideration of Opinion-Order Denying and Demand to Vacate, Set Aside Void Opinion-Order And Entry Judgment With Memorandum of Law in Support" (DE #8) is **DENIED**.

**DATED: April 23, 2018**     /s/ **RUDY LOZANO, Judge**
**United States District Court**